UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PLAINTIFF(S)
VERRRY HALE ON
BEHALF OF TERRANCE HALE

**15CV5115**

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

THE NEW YORK CITY
DEPARTMENT OF CORP.

BELLEVUE HOSPITAL
PRISON WARD HEALTH
AND HOSPITAL CORPORATION

NEW YORK CITY
E.M.S. CORPORATION

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes  ☐ No
(check one)

RECEIVED
JUN 3 0 2015
PRO SE OFFICE

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name  MRS VERRRY HALE
              ID #  NYC 194.658.731
              Current Institution  ADDRESS
              Address  1945 2AVE NEW YORK
              N.Y 10029. APT. 10E

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name OFFICERS JHON.JOE  Shield # U.K
                   Where Currently Employed  NYC DEPARTMENT
                   Address  C-95  1818 HAZEN ST
                   EAST ELMHURST N.Y

*Rev. 05/2010*                              1

Defendant No. 2    Name STAFF JANE-DOE          Shield # UNKNOW.
                   Where Currently Employed NYC DEPT of CORR
                   Address 1818 HAZEN ST EAST
                           Elmuthorst NEW YORK.

Defendant No. 3    Name INMATES JHON-DOE Shield # NA
                   Where Currently Employed INCARSARATED.
                   Address 1818 HAZEN ST EAST
                           Elmuthorst NEW YORK
                           NEW YORK CITY HEALTH AND
Defendant No. 4    Name HOUSPITAL CORPORATION Shield # NA
                   Where Currently Employed UNKNOW.
                   Address UNKNOW.

                   Name NEW YORK CITY.
Defendant No. 5    Name E.M.S. SERVICES    Shield # UNKNOW
                   Where Currently Employed UNKNOW
                   Address UNKNOW

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
THE CLAIM OCCURED AT C-95
1818 HAZEN ST.

B.    Where in the institution did the events giving rise to your claim(s) occur?
THE PLAINTIFF BELIEF: THAT THE
ASSOLT OF THE DEFENDENT, HER SON
OCCURED AT HIS HOUSING UNIT.

C.    What date and approximate time did the events giving rise to your claim(s) occur?
THE PLAINTIFF BELIEF IS THAT
TIME TIME WAS ABOUT 11:30 AM
THE DATE WAS 04/05/2012.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). BELLEVUE HOUSPITAL PRISON WARD AMKC C-95 G.M.DC C-73 G.R.V.C

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____   No _____   Do Not Know  ✓

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____   No _____   Do Not Know  ✓

      If YES, which claim(s)?  UNKNOW TO PLAINTIFF

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____   No  ✓

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____   No  ✓

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? LET THE RECORD SHOW COMPLAINT FILED WITH THE BOARD OF CORRECTION THE ATTORNEY GENERAL 411 8...
      1.    Which claim(s) in this complaint did you grieve? THE DEFENDANT TREATMENT OF MEDS AND ASSULT.

      2.    What was the result, if any? AS OF THIS PRESENT TIME NO DETERMINATION WAS PROVIDED

      3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. LET THE RECORD SHOW THAT THE DEFENDANT HAS A MENTAL DEFECT THE INCOMPENTENCY TO UNDERSTANDED SUCH PROCEEDING THE DEFENDANT EFFORT ARE TO BE CONSIDED IF FOUND TO BE TRUE.

F.    If you did not file a grievance:
      1.    If there are any reasons why you did not file a grievance, state them here: THE PLAINTIFF STATE HER SON ARE LAYMANS TO THESE CAID OF PROCEEDING IS THE REASON SHE IS NOW HANDLING THIS CLAIM.

      2.    If you did not file a grievance but informed any officials of your claim, state who you informed. THE PLAINTIFF STATE SHE PETITION
Rev. 05/2010 THE COURT WITH A ARTICAL (78) PROCEEDING THAT WAS DENIED ON OR ABOUT 5/20/2015.

THE PLAINTIFF BELIEF
HER SON TERRANCE HALE SUSTAINED
INJURIES IN THE FOLLOWING WAY.

THE PLAINTIFF STATE.
SHE HAD CALLED FOR E.M.S SERVICES
AROUND 10:00 AM ON OR ABOUT 4/17/1

THE PLAINTIFF STATE.
THAT HER SON STOOD UP STAIR FOR
OVER 40 MINNIT FOR EMERGENCY
SERVICES THAT EVER ARRIVED.
INSTEAD TWO NEW YORK CITY POLICE
OFFICER ARRESTED THE DEFENDANT
HO HAS A MENTAL DEFECT. AFTER
THE DEFENDANT REACTED. IN HIS
DEFENCE, AFTER BEING PROVOKE
WITH EXCESSIVE FORCE.

THE PLAINTIFF BELIEF
IS THE RECORD WILL REFLECT THE
FACT THAT THE PLAINTIFF TALKED
WITH A E.M.S DISPATCH HO HO
HAD EXPRESSED CLEARLY THAT
E.M.S WILL ARRIVE SOON. ENOUGH.

THE PLAINTIFF BELIEF
THAT IF IN FACT E.M.S SERVICES
WOULD HAVE ARRIVED. HO SON
WOULD HAVE NEVER BEIN IN THE
POSITION HE IS FACING TODAY.

D.    Facts: THAT ON OR ABOUT 07/05/2012 AT 11:30 AM, THE PLAINTIFF BELIEF THAT HER SON TERRANCE HALE, WAS COMPLAINING TO STAFF MEMBER. JANE-DOE ABOUT THE POOR TREATMENT HE WAS RERIEVEING IN REGARDS TO HIS MEDICATIONS. CORRECTIONAL OFFICER AND STAFF MEMBERS AT C-95 ASSAULTED HER SON BY KNOCKING HIM OUT AND IN THE CAUSE OF THERE ACTIONS THE DEFENDANT NOSE WAS BROKEN INMATE AT THE HOUSING UNIT WERE ALSO INVOLED IN THE ASSOLT. THE PLAINTIFF WILL NOW PROVIDE ALL DOCUMENTION IN REFFRANCE TO THIS CLAIM AS EXHIBITS (A) THROUGH (C) THE HOSPITAL THE DEFENDANT WAS ADMITTED DOCUMENTED ALL THE INJURIES IN THIS MATTER. (SEE) THE HOLE COMPLETE FILEDS IN SUCH MATTERS.

**What happened to you?**

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. LET THE RECORD SHOW, AND THE RECORD REFLECT TREATMENT AND HOUSIPLIZATION TOOK PLACE OF THE OCCURANCES IN THIS CLAIM. DISCHARGE DOCUMENT AND ALL DOCUMENT IN REGARDS TO ALL LEADING AND PENDING, INVESTIGATION.

IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes __✓__ No ____

when and how, and their response, if any: THE STATE AND THE COURT, RESPONSE ARE NOW BEING PROVIDED AS EXHIBIT (A) THROUGH (Z). IN THESE MATTER

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. THE PLAINTIFF IS THE MOTHER OF THE DEFENDANT HO WAS ASSULTED. IN EFFORT SHE HAS DONE ALL SHE COULD HAVE WITH THE LITTLE THAT SHE GOT. SHE PETITIONED AND HAS REMEDIES. PEONE BELIEF (SEE) EXHIBIT (A) THROUGH (Z).

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies. DOCUMENTION ARE BEING PROVIDED IN REGARD TO STATEMENT OF FACTS THAT WERE STATED IN THIS DOCUMENT.

V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). THE PLAINTIFF FILED A LATE NOTICE OF CLAIM, THAT WAS DENIED, THERE AFTER SHE PETITIONED THE COURT WITH A ARTICAL (78) PROCEEDING. THAT WAS ALSO DENIED (SEE) ALL DOCUMENT IN REGARD TO ALL STATEMENT MADE IN THIS ARTICAL 1983.
       THE PLAINTIFF BELIEF. THAT THAT COURT WILL GRANT COMPENSATION IN THE TOTAL AMOUNT OF 50,000,000,000 dollars DUE TO THE DEFENDANT ILLEGAL INCARSARATION, ASSULT GOTATION, WITH INJURIES AND INATACTIVE LEGAL ASISTANCE. MEDICAL MALE PRACTICE.

VI.   Previous lawsuits:

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action? THE PLAINTIFF FILED A ARTICLE 78
     Yes __✓__ No __X__ WITH THE SUPREM COURT OF OF THE STATE OF NEW YORK, IN PART HAS FILED THIS MOTION THE SAME FACTS WERE USED THE MOTION WAS DISPOSED OF.

On these claims

Rev. 05/2010

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.   Parties to the previous lawsuit:

Plaintiff _____ N/A _____

Defendants _____

    2.   Court (if federal court, name the district; if state court, name the county) _____
_____

    3.   Docket or Index number _____

    4.   Name of Judge assigned to your case _____

    5.   Approximate date of filing lawsuit _____

    6.   Is the case still pending?  Yes ____   No ____

        If NO, give the approximate date of disposition _____

    7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

    Yes ____   No ____   N/A

**On other claims**

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.   Court (if federal court, name the district; if state court, name the county) _____ N/A
_____

    3.   Docket or Index number _____

    4.   Name of Judge assigned to your case _____

    5.   Approximate date of filing lawsuit _____

    6.   Is the case still pending?  Yes ____   No ____

        If NO, give the approximate date of disposition _____

    7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 29 day of ___JUNE__, 20 15

                 Signature of Plaintiff   _Vearny Hale_____

                 Inmate Number     _15A1963_____

                 Institution Address   _1945 Third Ave_____
                                           _New York, New York_
                                           _10029   #Apt 10E_

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 29 day of ___June__, 20 15, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

               Signature of Plaintiff:  _Vearny Hale_____

M 50 New York Statutory Power of Attorney—Durable, with affidavit of attorney, GOL § 5-1513: 12 pt. type. 3-09 © 2009 by BlumbergExcelsior, Inc., Publisher, NYC 10013 www.blumberg.com

# POWER OF ATTORNEY—NEW YORK STATUTORY SHORT FORM

**(a) CAUTION TO THE PRINCIPAL:** Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney by executing this Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

**(b) DESIGNATION OF AGENT(S):**

*name and address of principal*

I, Terrence Hall, 1945 3rd Avenue #10E, N.Y. 10029 hereby appoint:

*name(s) and address(es) of agent(s)*

Vearry Hale, 1945 3rd Avenue #10E, N.Y. 10029 as my agent(s)

If you designate more than one agent above, they must act together unless you initial the statement below.

[          ] My agents may act SEPARATELY.

## (c) DESIGNATION OF SUCCESSOR AGENT(S): (OPTIONAL)

If every agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

*name(s) address(es) of successor agent(s)*

Successor agents designated above must act together unless you initial the statement below.

[          ] My successor agents may act SEPARATELY.

**(d) This POWER OF ATTORNEY** shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications."

**(e) This POWER OF ATTORNEY REVOKES** any and all prior Powers of Attorney executed by me unless I have stated otherwise below, under "Modifications."

If you are NOT revoking your prior Powers of Attorney, and if you are granting the same authority in two or more Powers of Attorney, you must also indicate under "Modifications" whether the agents given these powers are to act together or separately.

**(f) GRANT OF AUTHORITY:**

To grant your agent some or all of the authority below, either
(1) Initial the bracket at each authority you grant, or
(2) Write or type the letters for each authority you grant on the blank line at (P), and initial the bracket at (P). If you initial (P), you do not need to initial the other lines.

## (o) AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:

*It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.*

I/we,

have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as agent(s) for the principal named therein.

I/we acknowledge my/our legal responsibilities.

**Agent(s) sign(s) here: ➡** *Vearry Hale*

ACKNOWLEDGMENT

| | |
|---|---|
| State of New York, County of **N.Y.** ss: | State of County of ss: |
| On **May 5, 2010** before me, the undersigned, personally appeared | On before me, the undersigned, personally appeared |
| *Vearry Hale* | |
| personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument. | personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument. |
| _____ *(signature and office of individual taking acknowledgment)* | _____ *(signature and office of individual taking acknowledgment)* |

STEVEN EHRLICH
Notary Public, State of New York
No. 02EH6029973
Qualified in New York County
Commission Expires Sept. 27, 20 **13**

### AFFIDAVIT THAT POWER OF ATTORNEY IS IN FULL FORCE AND EFFECT
*(Sign before a notary public)*

STATE OF                    COUNTY OF                    ss.:

being duly sworn, deposes and says:

1. The Principal appointed me as the Principal's true and lawful Agent in the within Power of Attorney.
2. I do not have, at the time of this transaction, actual notice of the termination or revocation of the power of attorney, or notice of any facts indicating that the power of attorney has been terminated or revoked;
3. I do not have, at the time of this transaction, actual notice that the power of attorney has been modified in any way that would affect my ability as the agent to authorize or engage in the transaction, or notice of any facts indicating that the power of attorney has been so modified; and .
4. I make this affidavit for the purpose of inducing

to accept delivery of the following Instrument(s), as executed by me in my capacity as the Agent, with full knowledge that this affidavit will be relied upon in accepting the execution and delivery of the Instrument(s) and in paying good and valuable consideration therefor:

☐ *I am the successor agent, the prior agent is no longer or willing to serve.*

Sworn to before me on                    _____

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

Index Number : 100586/2014

HALE, VEARRY

vs

NYC DEPARTMENT OF CORRECTION

Sequence Number : 001

ARTICLE 78

PART 32

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S): _____

motion is decided in accordance

with accompanying memorandum decision

# FILED

JUN 4 2015

COUNTY CLERK'S OFFICE
NEW YORK

RECEIVED

MAY 2 7 2015

GENERAL CLERK'S OFFICE
NYS SUPREME COURT - CIVIL

Dated: _____    MAY 2 7 2015

_____, J.S.C.

**CAROL E. HUFF**

1. CHECK ONE: ................................................................. ☒ CASE DISPOSED    ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: .........................MOTION IS: ☐ GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER

3. CHECK IF APPROPRIATE: ............................................. ☐ SETTLE ORDER    ☐ SUBMIT ORDER

☐ DO NOT POST    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the [public corporation] in maintaining its defense on the merits" (Charles v New York City Health & Hosps. Corp., 166 AD2d 526, 527 [2d Dept 1990]).

Strauss v New York City Transit Auth., 195 AD2d 322 (1st Dept 1993).

Petitioner does not provide evidence that respondent had actual knowledge of the essential facts within ninety days of the incident, and she offers no excuse for not filing within the ninety-day period.  The late notice of claim is a nullity (see McGarty v City of New York, 44 AD3d 447 [1st Dept 2007]), and petitioner has failed to provide grounds for extending her time to file a late notice.

Accordingly, it is

ADJUDGED that the petition is denied and the proceeding is dismissed.

Dated:   MAY 27 2015

CAROL E. HUFF
J.S.C.

CLERK

FILED

JUN 4 2015

COUNTY CLERK'S OFFICE
NEW YORK

**WHEREFORE**, the City respectfully requests that Petitioner's application for leave to file a late notice of claim be denied, and that this Court grant such other and further relief as it may deem just and proper.

Dated: New York, New York
        January 16, 2015

                            ZACHARY W. CARTER
                            Corporation Counsel


                    By: _____
                            Emery Lyon
                            Assistant Corporation Counsel
                            Manhattan Trial Unit, Tort Division
                            The City of New York Law Department
                            100 Church Street,
                            New York, NY 10007


To:     Vearry Hale
        *Pro se Petitioner*
        1945 Third Avenue
        New York, New York 10029

# DISABILITY RIGHTS NEW YORK

25 CHAPEL STREET, SUITE 1005
BROOKLYN, NEW YORK 11201
(518) 432-7861 (VOICE)
(518) 512-3448 (TTY)
(800) 993-8982 (TOLL FREE)
(518) 427-6561 (FAX)
MAIL@DISABILITYRIGHTSNY.ORG
WWW.DISABILITY-ADVOCATES.ORG

February 10, 2015

Vearry Hale
1945 3rd Avenue, Apt 10E
New York, NY 10029

Dear Ms. Hale:

I am writing to follow up on my letter to you dated November 14, 2014. You contacted our office about your son, Terrance Hale, and we have spoken by phone several times. During our last phone call, Terrance was at Bellevue. You were concerned that he was not receiving the treatment that he needs.

I understand that Terrance has now been returned to Rikers. I have not heard from you in some time. As I have explained in the past, we have the ability to request that Terrance be seen and evaluated by mental health staff, and we can encourage mental health staff to work with Terrance on finding a form of mental health treatment that works for Terrance. However, we cannot demand that Terrance receive a specific type of medication because we do not have the medical expertise to do this. We also are not able to assist Terrance in his criminal case.

Please let me know if you have further need for DRNY's assistance. If I do not hear from you by February 27, 2015, I will close this service request. You should feel free to contact us again in the future.

Sincerely,

Elena Landriscina
Staff Attorney



## THE LEGAL AID SOCIETY

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
www.legal-aid.org

Blaine (Fin) V. Fogg
*President*

April 30, 2014

Adriene L. Holder
*Attorney–in–Charge*
Civil Practice

Ms. Vearry Hale
1945 Third Avenue
Apt. 10E
New York, NY 10029

John Boston
*Project Director*
Prisoners' Rights Project

Dear Ms. Hale:

This letter is to follow up on our conversation today. I have enclosed a list of local law clinics who handle civil and prisoners rights claims and an extra copy of the notice of claim forms. I cannot guarantee that the clinics will take your case; they make their decisions independently and you will need to discuss your claims with them. You can also search for any attorneys who handle civil rights cases, although they may charge money for their services.

The notice of claim forms are extras in case you need them. There is a sheet of paper discussing how to file those forms on top.

Please let either myself, or anybody else here at this office, know if we can be of any further assistance.

Sincerely,

Michael Novasky
Legal Intern
The Legal Aid Society
Prisoners' Rights Project
199 Water Street
New York, New York 10038
P: 212-577-3530

EXHIBIT A (3)



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF CRIMINAL JUSTICE
PUBLIC INTEGRITY BUREAU

August 1, 2012

Inspector General Robert Gigante
New York City Department of Investigations
Department of Corrections
80 Maiden Lane
New York, New York 10038

Re:    Complaint #12-1416

Dear Inspector Gigante:

The attached correspondence was received by the Attorney General's office. After an initial review of the documents, we have determined that the issues mentioned pertain to your office. Accordingly, we are referring this material to you for whatever action you deem appropriate.

Thank you in advance for your cooperation in this matter.

Very truly yours,

*PLB*

Public Integrity Bureau

Enc.

cc:    Mrs. Vearry Hale
       1945 3rd Avenue #10E
       New York, New York 10029



Hon. Gerald Harris, Chair
Alexander Rovt, Ph.D., Vice Chair
Catherine M. Abate, Esq.
Greg Berman
Gordon J. Campbell.
Robert L. Cohen, M.D.
Michael J. Regan
Pamela Silverblatt, Esq.

Cathy Potler, Esq.
*Executive Director*

Amanda Masters, Esq.
*Deputy Executive Director*

**BOARD OF CORRECTION**
**CITY OF NEW YORK**
51 CHAMBERS STREET, RM. 923
NEW YORK, N. Y. 10007
212 788-7840 (Office)
212 788-7860 (Fax)

October 04, 2013

Ms. Vearry Hale
1945 Third Avenue
Apt. 10E
New York, NY 10029

Dear Ms. Hale:

I am writing to inform you that the Board of Correction has concluded its review of your appeal regarding the 180-day booth visits penalty imposed on your son Terrance Hale, 349-12-06915, on August 08, 2013, at GRVC.

Based upon a careful review of the documents provided by you and the Department of Correction, the Board has decided to deny your appeal. Your son is alleged to have engaged in violent behavior directed at DOC staff in a visit area at GRVC. This restriction does not violate BOC Minimum Standards.

I want you to know that I have visited your son personally, checked on his access to care with medical staff, and have subsequently learned that his attorneys did order a 730 exam, which has begun. Our staff person assigned to the facility speaks with him often. We understand what a trying time you are going through, and if you have further concerns about the conditions of your son's confinement, we hope you will bring them to our attention.

Sincerely,

Amanda Masters

ref: 2013/1613



## CIVILIAN COMPLAINT REVIEW BOARD
40 RECTOR STREET, 2ND FLOOR
NEW YORK, NEW YORK 10006 ♦ TELEPHONE (212) 442-8833
www.nyc.gov/ccrb

**MICHAEL R. BLOOMBERG**
**MAYOR**

**JOAN M. THOMPSON**
**EXECUTIVE DIRECTOR**

May 11, 2012

Ms. Vearry Hale
1945 3rd Avenue 10E
New York, NY 10029

RE: OCD 201205089

Dear Ms. Hale:

The Civilian Complaint Review Board (CCRB) acknowledges the receipt of your complaint.

The CCRB has jurisdiction to investigate complaints filed against officers of the New York City Police Department that allege excessive use of force, abuse of authority, discourtesy, or use of offensive language, including slurs relating to race, ethnicity, religion, gender, sexual orientation and disability. We have determined that your complaint does not fall within the board's jurisdiction, either because the allegations do not fall within our jurisdiction or because the subject of the allegations is a civilian employee of the police department.

The Office of the Chief of Department (OCD) of the New York City Police Department has jurisdiction to investigate complaints that question the validity of summonses and arrests, and the competence with which police officers perform their general duties; it is also authorized to investigate complaints filed against civilian employees of the police department. Therefore, we have referred your complaint to the Office of the Chief of Department for investigation.

An OCD control number has been obtained for you and it appears at the top of this page. An investigator assigned by the Office of the Chief of Department will contact you and will handle all further action regarding your complaint.

If you have any questions, please contact the Office of the Chief of Department, 300 Gold Street 3rd Floor, Brooklyn, New York 11201, telephone number (718)-834-3382. Please refer to your OCD control number when making all inquiries.

Sincerely,

Denise Alvarez
Director of Case Management

Report ID # _____

# BELLEVUE HOSPITAL CENTER PATIENT ADVOCACY FORM
## COMPLAINTS /COMPLIMENTS

Medical Record No: _____   Date: 5/22/14

Patient Name: Last Hale   First: Terrance MI: ___

Address: 1945 Third Ave

City: N, N   State: NY   Zip Code: 10029 Phone No (212) 426-2123

Gender: M DOB: 2/28/86   Language: ENGLish Interpreter needed? _____

Outpatient Clinic: _____ Module: _____ Unit _____ Extension: _____

Date Admitted ___/___/___   Date Discharged ___/___/___

Your Signature: Vearry Hale   Date Received by Patient Advocacy: 5/22/14

☐ Please give full details below: ( You may use additional sheets if required) Time: _____

☐ Compliments should include a brief explanation of what makes this person special

My Name is Vearry Hale
AND I AM VEARY CONCENED
About My SON TERRANCE Hale's MENTAL
CONDITION I AM Requesting THAT HE
BE EVALUATED BECAUSE PERIODICALLY
His THOUGHTS ARE CONFUSED AND HE
FEELS PARANOID AND thAT is NOt
GOOD to Feel ThAT WAY. HE ALSO HAS
DiffiCuity EXPRESSiNG HiMSelf AND
I notice This AND He CRys And Said
MOM My MiND is DeteriORate because
My MiND is making him Stop talking
DiffiCulty Expressiong And gets up set
when he is Slurring And I notice
that to. AND the thinks he God
Some TiME And here voices some of
TiME. TERRANC WAS PReviously
PRESCRibed.

LATUDE
80 mG
once A day
FlORAZiNE
5 mG
moning
& nite 5mG
BENZTROPiN
2 mg
Twice
A
Day
TRIAZONE
50mG
At nite
only
_____SE 5mG
Twice

Report ID #

# BELLEVUE HOSPITAL CENTER PATIENT ADVOCACY FORM
## COMPLAINTS /COMPLIMENTS

Date: 5/22/14

Patient Name: Last: HALE          First: Terrance MI: _____

Medical Record No: _____

WhicH WAS BENEFiCAL unTiL He
Stopped TAKing his MEDiCiNe.
I Am Also REQuESTED TO BE
CONSuLTED ON TERRANCE'S ON going
MEDiCaL TREATiON AND MEDiCATiONS.

I Request THAT My CONCERns Be
ADDRESSED IN WRiTing AND IN
A Timely MANNER. I Am very warRiED
about my Son being PARANOiD THAT I
See on every booth visit. Please
My Son need meds That are going
to help him. I have always been
a Part of my Son,
AND forgetful i

I Think you IN Looking
IN to this matter

Complaints Name (please print) _____

Signature _____          Date _____

# Complaint Report (CCRB)

| | | | |
|---|---|---|---|
| **CCRB Case No :** | 201205089 | **C/V Report Date :** | Fri, 04/20/2012  08:26 PM |
| **Complaint Type :** | OCD | **Investigator :** | Not Assigned |
| **Complaint Made At :** | CCRB | **Ref. No :** | |
| **Received Date (CCRB) :** | Fri, 04/20/2012  08:26 PM | **Mode :** | Call Processing System |
| **Incident Date :** | Tue, 04/17/2012  10:40 PM | **Location :** | Apartment/house |
| **Place of Occurrence :** | 1945 3rd Avenue | **Precinct :** | 23 |
| | | **Boro :** | Manhattan |

**Reason for Initial Contact :**  EDP aided case

**Charges :**  Arrest - other violation/crime

## Complainant/Victim Details

| | | | | | |
|---|---|---|---|---|---|
| **Name :** | Terrance Hale | | | **Type :** | Victim |
| **Address :** | 1945 3rd Avenue, 10E New York NY 10029, USA | | | | |
| **Contacts :** | | | | | |
| **Gender :** | Male | **Ethnicity :** | Black | **Date of Birth :** | 02/25/1986 |
| **Person Assisting :** | | | | | |
| **Injury Details :** | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Name :** | Vearry Hale | | | **Type :** | Complainant |
| **Address :** | 1945 3rd Avenue, 10E New York NY 10029, USA | | | | |
| **Contacts :** | (212)-426-2123 Phone(Home)   (917)-309-4085 Phone(Mobile) | | | | |
| **Gender :** | Female | **Ethnicity :** | Unknown | **Date of Birth :** | |
| **Person Assisting :** | | | | | |
| **Injury Details :** | | | | | |

## Officer(s) Named in Complaint

## Initial Complaint Narrative

This complaint was filed by the mother of Terrance Hale, who allegedly stabbed PO Loor in the head on 4/17/12, and the incident received vast media coverage.

Ms. Vearry Hale requested an ambulance for her son, Terrance Hale, who is Bipolar and Schizophrenic, but the ambulance took too long to show up. Instead, two police officers who arrived on the scene argued with Ms. Hale that they would go upstairs to talk to ser son, but Ms. Hale refused stating that her son needed an ambulance not the police. Ms. Hale asked the officers to call for back up if they were going to go upstairs because her son was not feeling well. The officers said that they would go upstairs and talk with him. An ambulance arrived after a 40 minutes. Ms. Hale's complaint is that the ambulance took too long and that the officers did not call for back-up. Ms. Hale stated that a Hispanic male officer was "irrational" and "nasty" to her. Ms. Hale asked why the officers went upstairs to "bully" her son and try to kill him.

# Complaint Report (CCRB)

## Witness

COMPLAINT CONTINUED

Inmate needing medical attention. The majori
of the operators were unprofessional. They wou-
ld informed me that they would bring him down. Terrance
said "sometimes they would, and some times they
wouldn't."

On or about July 4, Terrance was extremely upset.
He said that he needed his meds. I said I would see
what I can do. I told a captain - c95, that my
so is very sick, if he doesn't get his meds he,
I'm afraid, will have something very bad happen.
I called 311 to have this information put on DATA.

Any of Terrances actions pursuant to his being placed
in Punitive Segregation was as a result of his mental illness.
The Doctor at Bellevue said something happened to
Terrance at Rikers. He was knocked out and had a broken nose.
I would like him removed and put into a setting
if possible, effective immediately. He has a
DEFECT, he needs medical treatment.


READ THE FOLLOWING BEFORE SIGNING BELOW:

PLEASE ATTACH TO THIS FORM PHOT—

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                 PART 96          Indictment No. 1734/12
------------------------------------------------------------------------x
PEOPLE OF THE STATE OF NEW YORK,

                                        Plaintiff,

                -against-                                    **NOTICE OF APPEAL**


 TERRANCE HALE,
                                        Defendant.
------------------------------------------------------------------------x

        PLEASE TAKE NOTICE that the Defendant, Terrance Hale, hereby appeals to the

Appellate Division of the Supreme Court of the State of New York, in and for the First

Department, from the judgment of the Supreme Court of the State of New York – Criminal

Term, County of New York, (Donnelly, J.) upon which the defendant was sentenced on May 4,

2015.

Dated: Brooklyn, New York
       May 12, 2015

                                        **SCOTT G. CERBIN, ESQ., PLLC**
                                        Counsel for the Defendant


                                        By: _____
                                        Scott G. Cerbin
                                        16 Court Street, Suite 2901
                                        Brooklyn, NY 11241
                                        (718) 596-1829


                                        **FILED**

                                        MAY 19 2015

                                        SUPREME COURT
                                        NEW YORK COUNTY
                                        APPEALS BUREAU

To:    Hon. Cyrus Vance, Jr.
       District Attorney – New York County
       100 Centre Street
       New York, NY 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

INDEX NUMBER _____
100 586 /14

_____

- against -

Plaintiff / Petitioner

_____

Defendant/ Respondent,

EXHIBIT (D-3) C2

***************NOTICE OF ENTRY***************

Sir/Madam:

Please take notice that the within is a (certified) true copy of a

_____ duly entered in the office of the clerk of

the within named court on the 30 day of _Oct_, 200 14.

Dated:
Attorney for: PRO-SE

Yours, etc.

LARRY HALE
1945 3RD 10151
NY 10029 APT 10E
30

Petitioner /
Respondent
Office and Post
Office Address

To:
Attorney(s) for _NEARY HALE_

***************NOTICE OF SETTLEMENT***************

Sir/Madam:

Please take notice that an _LEARY HALE_
of which the within is a true copy will be presented for settlement
to the Hon. _____
of the within named court at _____
_____ 200__ at _____ AM/PM _____, on
one of the Justices

Dated: _____ 200__

Petitioner
Yours, etc.

LEARRY HALE
1945 3RD 10151
NEW YORK AP 10 E

To:
Attorney(s) for

LEARRY HALE
1945 3RD 10151
NEW YORK AP 10 E

Sign Name: _Judgment_

To the best of my knowledge, information and belief,
formed after an inquiry reasonable under the circumstances,
the presentation of these papers and the contentions therein
are not frivolous as defined in subsection (c) of section 130-1.1
of the Rules of the Chief Administrator (22NYCRR).

Print Name: _____

Address: _____

AT
N.Y. CO. CLK'S OFFICE

Telephone _____

FILED

JUN - 4 2015

M

2014 DEC 30 PM 4:14
CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT

Service of a copy of the within is hereby admitted

Dated: _____ 200__

Attorney for _____

**(o) AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

*It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.*

I/we,

have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as agent(s) for the principal named therein.

I/we acknowledge my/our legal responsibilities.

**Agent(s) sign(s) here:** ➡ *Vearry Hale* _____

ACKNOWLEDGMENT

State of New York, County of **N.Y.**                    ss:    State of                    County of                    ss:

On **May 5, 2010**                    before me, the undersigned,    On                    before me, the undersigned,
personally appeared                    personally appeared

*Vearry Hale*

personally known to me or proved to me on the basis of satisfac-    personally known to me or proved to me on the basis of satisfac-
tory evidence to be the individual(s) whose name(s) is (are) sub-    tory evidence to be the individual(s) whose name(s) is (are) sub-
scribed to the within instrument and acknowledged to me that he/    scribed to the within instrument and acknowledged to me that he/
she/they executed the same in his/her/their capacity(ies), and that    she/they executed the same in his/her/their capacity(ies), and that
by his/her/their signature(s) on the instrument, the individual(s),    by his/her/their signature(s) on the instrument, the individual(s),
or the person upon behalf of which the individual(s) acted, exe-    or the person upon behalf of which the individual(s) acted, exe-
cuted the instrument.                    cuted the instrument.

_____                    _____
*(signature and office of individual taking acknowledgment)*    *(signature and office of individual taking acknowledgment)*

STEVEN EHRLICH
Notary Public, State of New York
No. 02EH6029978
Qualified in New York County
Commission Expires Sept. 27, 20 *15*

AFFIDAVIT THAT POWER OF ATTORNEY IS IN FULL FORCE AND EFFECT

*(Sign before a notary public)*

STATE OF                    COUNTY OF                    ss.:

being duly sworn, deposes and says:

1. The Principal appointed me as the Principal's true and lawful Agent in the within Power of Attorney.
2. I do not have, at the time of this transaction, actual notice of the termination or revocation of the power of attorney, or notice of any facts indicating that the power of attorney has been terminated or revoked;
3. I do not have, at the time of this transaction, actual notice that the power of attorney has been modified in any way that would affect my ability as the agent to authorize or engage in the transaction, or notice of any facts indicating that the power of attorney has been so modified; and
4. I make this affidavit for the purpose of inducing

to accept delivery of the following Instrument(s), as executed by me in my capacity as the Agent, with full knowledge that this affidavit will be relied upon in accepting the execution and delivery of the Instrument(s) and in paying good and valuable consideration therefor:

☐ *I am the successor agent, the prior agent is no longer or willing to serve.*

Sworn to before me on                    _____

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

[ TH ]  (A) real estate transactions;
[ TH ]  (B) chattel and goods transactions;
[ TH ]  (C) bond, share, and commodity transactions;
[ TH ]  (D) banking transactions;
[ TH ]  (E) business operating transactions;
[ TH ]  (F) insurance transactions;
[ TH ]  (G) estate transactions;
[ TH ]  (H) claims and litigation;
[ TH ]  (I) personal and family maintenance;
[ TH ]  (J) benefits from governmental programs or civil or military service;

[ TH ]  (K) health care billing and payment matters; records, reports, and statements;
[ TH ]  (L) retirement benefit transactions;
[ TH ]  (M) tax matters;
[ TH ]  (N) all other matters;
[ TH ]  (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;
[ TH ]  (P) EACH of the matters identified by the following letters *A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P*
*You need not initial the other lines if you initial line (P).*

## (g) MODIFICATIONS: (OPTIONAL)

In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent.

However, you cannot use this Modifications section to grant your agent authority to make major gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Major Gifts Rider.



## (h) MAJOR GIFTS AND OTHER TRANSFERS: STATUTORY MAJOR GIFTS RIDER: (OPTIONAL)

In order to authorize your agent to make major gifts and other transfers of your property, you must initial the statement below and execute a Statutory Major Gifts Rider at the same time as this instrument.

Initialing the statement below by itself does not authorize your agent to make major gifts and other transfers. The preparation of the Statutory Major Gifts Rider should be supervised by a lawyer.

[            ] (SMGR) I grant my agent authority to make major gifts and other transfers of my property, in accordance with the terms and conditions of the Statutory Major Gifts Rider that supplements this Power of Attorney.

## (i) DESIGNATION OF MONITOR(S): (OPTIONAL) I wish to designate

whose address(es) is (are)

as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

Wilker, Dale

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Monday, June 17, 2013 3:20 PM |
| **To:** | Thomas Bergdall, Esq.; 'Erik Berliner'; Dr. Daniel Selling; 'Dr. Jay Cowan'; Homer Venters |
| **Cc:** | 'CONSTITUENT SERVICES'; 'Schriro, Dora'; Nina.Edwards@doc.nyc.gov; 'Vearry Hale'; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Chai Park; Felix Martinez (fmartinez@boc.nyc.gov); Tonya (BOC) Glover |
| **Subject:** | INFRACTION SET ASIDE AND MENTAL HEALTH CARE FOR BIPOLAR SCHIZOPHRENIC PATIENT:  TERRANCE HALE, 349-12-06915, GMDC |
| **Attachments:** | Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile) |



THE LEGAL AID SOCIETY

It has been reported to our office by Mr. Hale's mother that DOC staff has again issued an infraction against Mr. Hale, who suffers from serious mental illness in the form of paranoid schizophrenia and bi-polar disorder, with suicidal tendencies.  In this instance, we are told that a DOC officer refused to allow Mr. Hale to return to his cell during lock-out period and began arguing with Mr. Hale.  Instead of recognizing his serious mental illness and treatment needs, on June 14 the disciplinary hearing officer sentenced Mr. Hale to more than two months in punitive segregation.

We are writing to request that the infraction and sentence be set aside and that Mr. Hale be assigned instead to a secure clinical setting for intensive mental health treatment, preferably at Bellevue Hospital, as contemplated by the recent DOC / DOHMH  "Mental Health Initiative" announced on May 13, 2013

As we have previously reported, Mr. Hale needs a regimen of psychotropic tropic medications. However, his mother reports that he is not receiving that regimen which includes Flurazine, Trasidone, "Atuda" (phonetic) and Depakote.   **CAUTION:  MR. HALE IS ALLERGIC TO HALDOL.**

We request that DOH and PHS make sure that Mr. Hale receives the medications that have been prescribed for him by Bellevue Hospital psychiatrists.

**ADA**
In accordance with the Americans With Disabilities Act,  DOC Directive 3802 on Reasonable Accommodations, and DOH policy and procedures, please consider this email as a formal request for reasonable accommodation of his disability and needs.

Thank you for your attention to these matters.  Please let us know your actions taken to address Mr. Hale's psychiatric treatment needs and to divert him from punitive segregation to mental health treatment for his serious mental illness.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Monday, March 04, 2013 5:03 PM |
| **To:** | 'Dr. Jay Cowan'; Dr. Daniel Selling; 'Dr. Homer Venters'; Dr. R. Macdonald; 'Erik Berliner'; 'Schriro, Dora'; 'capotler@boc.nyc.gov' |
| **Cc:** | 'VEARRYHALE@YAHOO.COM'; agabriel; Angela Solimo; Dr. Daniel Selling; Dr. Elena Panove; Dr. Schaich; kgorib; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | RE: MENTAL HEALTH CARE FOR BIPOLAR SCHIZOPHRENIC PATIENT:  TERRANCE HALE, 349-12-06915,  GRVC |
| **Attachments:** | Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile) |



Mr. Hale's mother, Vearry Hale (tel: 917-309-4085; email: VEARRYHALE@YAHOO.COM) called the Prisoners' Rights Project today to report that her son, who has a long history of bi-polar disorder and schizophrenia was removed from a mental health housing at GMDC 4 Main B side and placed in punitive segregation at GRVC 13 B, where she says he is not getting daytime doses of his mental health medication, an apparent reversal of the schedule that she complained about last August.  See our August 13, 2012 report, reprinted below.

Mrs. Hale says she is her son's guardian who has also been his caretaker for years since his illness began.  She says that her son needs to be medicated both during the day and  at night in order to keep his illness under control.  In particular, she emphasized to me that Mr. Hale needs to be treated with Flurazine (http://www.inceptapharma.com/view-product.php?pid=359, as well as Depakote and Trasidone.

She also reports that he son was deprived of a mattress for several days and currently does not have a blanket, bed sheets or a pillow in his cell.

She urges that her son be hospitalized for his mental illness and be placed into housing where he can be given care and treatment for his illness by staff who understand mental psychosis and can act to protect him from harm, not punish him and place him into punitive segregation whenever his illness manifests itself and he begins to act out.

As we said last in our report last August 13th, given his serious mental health problems, we request that DOH conduct a physician review of the appropriateness of his confinement in punitive segregation, and for the purpose of admitting him for psychiatric treatment at Bellevue Hospital, pursuant to BOC Health Care Minimum Standard 302 (j) which states

". . . upon determination by a physician that the health of an inmate in punitive segregation will be adversely affected by such housing, the inmate shall be released from punitive segregation housing after the appropriate correctional personnel is advised. "

## ADA

In accordance with the Americans With Disabilities Act,  DOC Directive 3802 on Reasonable Accommodations, and DOH policy and procedures, please consider this email as a formal request for reasonable accommodation of his disability and needs.

Thank you for your attention to these matters.  Please let us know your actions taken to address Mr. Hale's psychiatric treatment needs and to provide him with bedding supplies as  mandated by the Board of Correction Minimum Standards.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Monday, August 13, 2012 4:51 PM |
| **To:** | 'Dr. Jay Cowan'; Dr. Daniel Selling; 'Dr. Homer Venters'; Dr. R. Macdonald |
| **Cc:** | 'VEARRYHALE@YAHOO.COM'; Dr. Elena Panove; Dr. Schaich; kgorib; 'agabriel'; Angela Solimo; 'Dr. Homer Venters'; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | RE: MENTAL HEALTH CARE FOR BIPOLAR SCHIZOPHRENIC PATIENT:  TERRANCE HALE, 349-12-06915,  GRVC |


THE LEGAL AID SOCIETY

Mr. Hale's mother, Vearry Hale (tel: 917-309-4085; email: VEARRYHALE@YAHOO.COM) called the Prisoners' Rights Project today to report that her son is supposed to receive Trazadone twice each day, but PHS staff are only giving him one dose in the morning and nothing at night.

She says that he needs the nighttime dose to enable him to get to sleep.

Would you please provide Mr. Hale with Trazadone at night in addition to the morning dose, as medically appropriate for his condition?

Please let us know your actions taken to address his medical and mental health treatment needs.

Thank you for your attention to these matters.

*Dale A. Wilker*

Staff Attorney

The Legal Aid Society

Civil Practice / Prisoners' Rights Project .

email: dwilker@legal-aid.org
*At this time The Legal Aid Society's offices at 199 Water Street are temporarily relocated. While I am able to receive and respond to email at this email address, I am unable to receive incoming or make outgoing telephone calls using my Water Street desk phone number. However, until further notice you should feel free to contact me at 212-577-3530. Thank you for patience.*

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Monday, August 13, 2012 4:51 PM |
| **To:** | 'Dr. Jay Cowan'; Dr. Daniel Selling; 'Dr. Homer Venters'; Dr. R. Macdonald |
| **Cc:** | 'VEARRYHALE@YAHOO.COM'; Dr. Elena Panove; Dr. Schaich; kgorib; 'agabriel'; Angela Solimo; 'Dr. Homer Venters'; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | RE: MENTAL HEALTH CARE FOR BIPOLAR SCHIZOPHRENIC PATIENT:  TERRANCE HALE, 349-12-06915,  GRVC |

**Attachments:**   Picture (Metafile); Picture (Metafile)



Mr. Hale's mother has asked us to correct our previous message.

4

She says that Terrance is **_ALLERGIC TO HALDOL AND SHOULD NOT BE PRESCRIBED HALDOL._**

Further she says that Bellevue Hospital prescribed the following medications for Terrance::

DEPAKOTE

PROLIXIN (also known as Flurazine)

BUSPAR

COGENTIN

TRYZODONE (??trasidone??) at night


Thank you for your attention to this important  information.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Monday, August 13, 2012 12:11 PM |
| **To:** | 'Dr. Jay Cowan'; Dr. Daniel Selling; 'Dr. Homer Venters'; Dr. R. Macdonald |
| **Cc:** | 'VEARRYHALE@YAHOO.COM'; Dr. Elena Panove; Dr. Schaich; kgorib; 'agabriel'; Angela Solimo; 'Dr. Homer Venters'; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | MENTAL HEALTH CARE FOR BIPOLAR SCHIZOPHRENIC PATIENT:  TERRANCE HALE, 349-12-06915,  GRVC |


THE LEGAL AID SOCIETY

The Prisoners' Rights Project has been contacted by Mr. Hale's mother, Ms. Vearry Hale (212-426-2123; email: vearryhale@yahoo.com), who reports that her son Terrance suffers from schizophrenia and bipolar disorder, with suicidal tendencies. As a result of his illness, she says he was sent to punitive segregation for behavior that was beyond his ability to control because he was not provided with psychotropic medications that he needs. She says that he was sent to punitive segregation housing after being beaten into unconsciousness by correction officers at AMKC, whom, she says, also broke his nose.

In isolation she says that he has decompensated further, paces his cell, and has lost significant weight.

She says that Bellevue psychiatrists and doctors at the Institute for Mental Health (212-982-3470) prescribed Flurazine (http://www.inceptapharma.com/view-product.php?pid=359), "Atuda" (phonetic spelling) and possibly Prolixin, for her son, but that for some time he was not receiving any psychotropic medication and, now, is receiving only Haldol, which makes him withdrawn and depressed.

Given his serious mental health problems, we request that DOH conduct a physician review of the appropriateness of his confinement in punitive segregation, and for the purpose of admitting him for psychiatric treatment at Bellevue Hospital, pursuant to BOC Health Care Minimum Standard 302 (j) which states

". . . upon determination by a physician that the health of an inmate in punitive segregation will be adversely affected by such housing, the inmate shall be released from punitive segregation housing after the appropriate correctional personnel is advised. "

Would you also please review the appropriateness of prescribing Haldol for his conditions instead of Flurazine, "Atuda" and/or Prolixin, in consultation with his doctors at Bellevue Hospital and the Institute for Mental Health?

Thank you for your attention to these matters. Please let us know your actions taken to address his psychiatric treatment needs.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 32

-----------------------------------------------------------------------x

In the Matter of the Application of                    :         Index No. 100586/2014
VEARRY HALE,

                                    Petitioner,    :

For a Judgment Pursuant to Article 78 of the Civil Practice :
Law and Rules,

                        - against -                       :

NYC DEPARTMENT OF CORRECTION,
                                    Respondent.   :

-----------------------------------------------------------------------x

CAROL E. HUFF, J.:

        In this special proceeding, the pro se petitioner, who is acting on behalf of her

incarcerated son and who she states is mentally incompetent, seeks leave to file a late notice of

claim.  The claim relates to an incident where, petitioner alleges, correction officers assaulted and

injured her son.

        A notice of claim must be filed within ninety days after the claim arises.  General

Municipal Law § 50-e(1)(a).  The incident occurred on December 6, 2013, and the notice of

claim was filed on May 16, 2014, more than ninety days later.

        General Municipal Law § 50–e(5) enumerates certain factors which the court

        should consider in making a determination on a request for an exemption from the

        90 day filing requirement for a notice of claim, of which the key considerations

        are "whether the petitioner has demonstrated a reasonable excuse for failure to

        serve a timely notice of claim, whether the [public corporation] acquired actual

## PETITIONER'S APPLICATION SHOULD BE DENIED AS
## PETITIONER HAS FAILED TO SATISFY G.M.L. § 50-e (5).

3.        On or about May 16, 2014, Plaintiff filed a late notice of claim.  <u>See</u> Notice of

Claim, annexed to Petitioner's motion papers.  However, a notice of claim served beyond the

required ninety day period without leave of the Court is deemed a nullity.  <u>See</u> <u>McGarty v. City</u>

<u>of New York</u>, 44 A.D.3d 447, 448 (1st Dep't 2007); <u>Wollins v. N.Y. City Bd. of Educ.</u>, 8 A.D.3d

30, 31 (1st Dep't 2004); <u>De La Cruz v. City of New York</u>, 221 A.D.2d 168, 169, (1st Dep't 1995).

Thus, in the present matter, petitioner's late notice of claim served without leave of the Court is a

nullity, and as such, this matter should be dismissed pursuant to GML § 50-e(1)a for failure to

satisfy a statutory pre-condition to suit.

4.        Additionally, the instant petition must be denied as Petitioner has not satisfied the

requisites of G.M.L. § 50-e (5), which states in part:

> In determining whether to grant the extension, the Court shall
> consider, in particular, whether the public corporation or its
> attorney . . . acquired actual knowledge of the essential facts
> constituting the claim within the time specified in subdivision one,
> or within a reasonable time thereafter.  The Court, shall consider
> all other relevant facts and circumstances including:  whether the
> claimant was an infant or mentally or physically incapacitated . . .
> and whether the delay in serving the Notice of Claim substantially
> prejudiced the public corporation in maintaining its defense on the
> merits.

5.        In essence, G.M.L. § 50-e (5) requires a petitioner seeking to file a late notice of

claim to prove three elements.  First, the petitioner must prove that the municipality acquired

"actual knowledge of the essential facts which constitute the claim" within ninety days after the

claim arose or a reasonable time thereafter.  <u>See</u> <u>Id.</u> at 322.  Second, the petitioner must present a

reasonable excuse for the delay in filing a timely notice of claim.  <u>Strauss v. New York City</u>

<u>Transit Authority</u>, 195 A.D.2d 322 (1st Dep't 1993).  Finally, the petitioner must show that the

delay in timely filing the notice of claim did not prejudice the municipality's defense.  <u>Id.</u>

**A.   PETITIONER HAS FAILED TO DEMONSTRATE THAT THE CITY RECEIVED ACTUAL NOTICE OF THE ESSENTIAL FACTS CONSTITUTING PETITIONER'S CLAIM WITHIN THE 90-DAY PERIOD.**

6.   G.M.L. § 50-e (5) provides, in pertinent part, that the court shall consider, "in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one (90 days) or within a reasonable time thereafter."  It is well settled that a petitioner has the burden of establishing that the City acquired **actual notice** of the claim within 90 days of the occurrence or a reasonable time thereafter.  Washington v. City of New York, 72 N.Y.2d 881 (1988); Zbryski v. City of New York, 147 A.D.2d 705 (2d Dept. 1989).  In the context of G.M.L. §50-e, "actual knowledge" means that the defendant must have acquired **knowledge of the essential facts that form the basis of the negligence claim, not simply knowledge of the occurrence of an accident.**  See Kim v. City of New York, 256 A.D.2d 83 (1st Dept. 1998), app. denied, 93 N.Y.2d 896 (1999); Sica v. Board of Education, 226 A.D.2d 542 (2d Dept. 1996).

7.   The mere happening of an incident involving a City agency does not satisfy the notice requirement.  Rather, the City must have actual notice of the claim.  The Appellate Division has held:

> **Knowledge of the facts underlying an occurrence does not constitute knowledge of the claim.** What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the claim.

Liberty Group Holdings, Inc. v. City of New York, 5 A.D.3d 148, 149 (1st Dept. 2004); accord Cotten v. County of Nassau, 307 A.D.2d 965, 967 (2d Dept. 2003); see also Matter of Sica v Board of Educ. of City of N.Y., 226 A.D.2d 542, 543 (2d Dept. 1996).

3

8.      Even if the City was aware of the events Petitioner claims occurred at Riker's Island, that knowledge would be insufficient to impute actual knowledge to the City of the essential facts constituting the claim.  In Matter of Felice v. Eastport/South Manor Cent. School Dist, 2008 NY Slip Op 00691 (2d Dept. 2008), the Court reasoned that:

> "By relying on the public corporation's knowledge of the seriousness of the injury in order to put the public corporation on notice to investigate a claim to discover the basis for it, a court transmutes the requirement of "actual knowledge of the essential facts constituting the claim" into actual knowledge of the accident and constructive knowledge of the essential facts constituting the claim. If the statute is to be rewritten again, the Legislature, not the courts, should do it."

9.      In the present matter, Petitioner has failed to provide any evidence that DOC had any knowledge of the events she alleges occurred at Riker's Island on December 6, 2013. Petitioner fails to attach any documentation to support her claim that DOC officers used mace on Mr. Hale or broke his nose, such as an incident or occurrence report, complaint, or any medical records.  The only documentation that Petitioner attaches referring to her son's broken nose is a Bellevue Hospital Center Patient Advocacy Form Complaint dated May 22, 2014 (well after the 90-day period) stating in vague terms that, "The doctor at Bellevue said something happened to Terrence at Rikers. He was knocked out and had a broken nose."  However, despite the fact that there is nothing to indicate that this complaint was ever filed with the City and the fact that it is dated well after the 90-day period, it makes no mention of any wrongdoing on behalf of any DOC officers.  Petitioner's assertions are therefore completely unsupported and based entirely on hearsay.

10.     Even assuming, arguendo, that Petitioner's claims are true despite the lack of documentation, the fact that City employees had knowledge of the occurrence of Petitioner's arrest does not constitute actual knowledge of the essential facts constituting Petitioner's claim

or give the City actual knowledge that a lawsuit will result. See Felice v. Eastport/South Manor Cent. School Dist., 2008 N.Y. Slip Op 00691, at 7, 11-12. (2d Dep't 2008) ("In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the Notice of Claim.").

11.     In any event, the knowledge of specific City employees cannot impute to the City actual knowledge of the essential facts constituting Petitioner's claims. Tarquinio v. City of New York, 84 A.D.2d 265, 270 (1st Dep't 1982). The Tarquinio, the First Department reasoned:

> because a public corporation has numerous employees and departments and diverse operations knowledge acquired by any of its employees except those specified in the statute cannot seriously be construed to be notice of the type which would put the corporation on notice of possible litigation. To suggest that the city acquires actual, or even constructive, notice through information disclosed to another division, agency or branch flies in the face of reality.

Id. at 271 (citing Adkins v City of New York, 43 N.Y.2d 346, 352).

12.     For the foregoing reasons, Petitioner has failed to establish that the City had actual notice of the facts underlying Petitioner's claims within the applicable 90-day period.

### B.     PETITIONER HAS FAILED TO PROVIDE ANY REASONABLE EXCUSE FOR FAILING TO FILE A TIMELY NOTICE OF CLAIM.

13.     Respondents respectfully submit that Petitioner's instant motion to file a late notice of claim should be denied in its entirety as Petitioner's offers no excuse for failing to file a timely notice of claim, let alone a reasonable excuse.

14.     A reasonable excuse is an important factor to be considered in a petition for leave to file a late notice of claim. See Bullard v. City of New York, 118 A.D.2d 447 (1st Dep't 1996); Nelson v. Board of Collecting Bargaining, 204 A.D.2d 216 (1st Dep't 1994). Failure to

provide a reasonable excuse alone has warranted denial of leave to serve a late Nnotice of Cclaim. See Resto v. the City of New York, 240 A.D.2d 499 (2d Dep't 1997).

15.    Petitioner has the burden to provide a reasonable excuse for her failure to comply with the filing requirement.  In the present matter, Petitioner's motion is devoid of any excuse for failing to file a timely notice of claim.

16.    Should Petitioner argue that she was ignorant of the filing requirement, the City submits that this is an entirely "inadequate explanation."  Landa v. City of New York, 252 AD2d 525, 526 (2d Dep't 1997).; See Alper v. City of New York, 228 A.D.2d 390, 390 (1st Dep't 1996) ("Petitioners' claim that they were ignorant of the law is not a valid excuse for failure to serve a notice of claim timely") (internal citation omitted); Harris v. City of New York, 297 A.D.2d 473, 473 (1st Dep't 2002) ("[N]either infancy alone nor ignorance of the law provides a sufficient excuse for failure to file a timely notice of claim."); Matter of Felice v. Eastport/South Manor Cent. School Dist., 50 A.D.3d 138, 150 (2d Dep't 2008) ("[A] claimant's ignorance of the notice of claim requirement is not an acceptable excuse"); Gaudio v. City of New York, 235 A.D.2d 228 (N.Y. App. Div. 1997, 1st Dep't); Davis by Brady v. New York City Hous. Auth., 233 A.D.2d 110, 111 (N.Y. App. Div. 1996, 1st Dep't); Turkenitz v. City of New York, 213 A.D.2d 266 (N.Y. App. Div. 1995, 1st Dep't); Perez v. New York City Housing Authority, 156 A.D.2d 177 (N.Y. App. Div. 1989, 1st Dep't).  Many pro se plaintiffs timely file notices of claim on a daily basis.  The information regarding the notice of claim requirement, as well as how to file a notice of claim, including the necessary forms, is readily available to the public via internet on the New York City Comptroller's website.

17.    For the foregoing reasons, the City requests that this Court deny the instant application as no reasonable excuse is offered for Petitioner's delay.

## C.   PETITIONER HAS FAILED TO DEMONSTRATE THAT HER DELAY HAS NOT PREJUDICED DOC.

18.    Petitioner has failed to demonstrate that her delay did not prejudice Respondents. In <u>Smith v. City of New York</u> (Index No. 113241/07, Decision and Order [Supp. Ct. N.Y. October 23, 2007] [Rakower, J.]), the Honorable Justice Rakower denied the petitioner's motion to file a late notice of claim against the City of New York on the basis that, "petitioner makes a conclusory statement that City will not be prejudiced by the late notice of claim but fails to adequately demonstrate how it would not be prejudiced in its late investigation and defense of the claim." <u>Id</u>.

19.    In the present matter, Petitioner fails to state why DOC will not be prejudiced in its investigation of Petitioner's claim. While it is not the City's burden to prove that it will be prejudiced, it is worth noting that the City <u>will</u> be substantially prejudiced if Petitioner is permitted to serve this late notice of claim. The very purpose of the statutory notice of claim requirement is to afford the respondents "an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while the information is still readily available." <u>Teresta v. City of New York</u>, 304 N.Y. 440, 443 (1952).

20.    Petitioner's failure to notify DOC of her claim within the statutorily prescribed time limit has prejudiced the its ability to investigate the location of the incident, as Petitioner has also failed to demonstrate that the City had actual notice of Mr. Hale's incident within the 90-day period. At this point, over one full year has passed since Mr. Hale's alleged incident, of which Petitioner provides no documentary evidence and is based on mere hearsay. As such, "[t]he City has been denied the opportunity to locate and examine witnesses while their memories of the facts were still fresh." <u>Gilliam v. City of New York</u>, 250 A.D.2d 680 (2d Dep't 1998); <u>Kim</u>, 256 AD 2d at 83.  In <u>Arias v. New York City Hous. Auth.</u>, 40 AD3d 298, 299 (1st

Dep't 2007), the First Department held that a "delay of approximately seven months prejudiced respondent's ability to investigate the alleged defect, identify witnesses, and collect their testimony based on fresh memories." Such prejudice can never be cured.

21.     Based on the foregoing, it is respectfully submitted that this Court should not permit Petitioner to serve her late notice of claim as she has not met her burden.

## CONCLUSION

22.     Petitioner's application should be denied because she fails to provide any evidence that DOC had actual knowledge of the facts underlying her claim within 90-days after Mr. Hale's alleged incident, of which Petitioner provides no documentary evidence and is based on mere hearsay. Additionally, she fails to state any excuse as to why she did not file a timely notice of claim. Furthermore, Petitioner fails to state why DOC will not be severely prejudiced by her delay, and DOC will indeed be prejudiced in its investigation of her claims as over one year has passed since the date of the alleged incident.

Index No: 10586/2014

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

VEARRY HALE, on behalf of TERRANCE HALE,

                                                          Petitioners,

- against -

THE DEPARTMENT OF CORRECTIONS,

                                                          Respondents.

---

## AFFIRMATION IN OPPOSITION

---

ZACHARY W. CARTER
Corporation Counsel
City of New York Law Department
100 Church Street,
New York, New York  10007

By:  Emery Lyon

**City File No:**  2014-046613

---

*Due and timely service is hereby admitted New York, N.Y.*

_____, *2014*

_____ *Esq.*

*Attorney for* _____